# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARY COOKS,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Case No.: 2:13-CV-526-RDP** |
| } | |
| **WALMART STORES, INC.,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

This matter is before the court on Defendant's Motion to Dismiss. (Doc. # 7). The motion has been fully briefed. (Docs. # 8, 16 and 17). This case presents the question of what circumstances permit a Title VII plaintiff to "piggyback" in relation to an EEOC charge filed by another person. After careful review, the court concludes that Plaintiff's EEOC charge is untimely and her claims are due to be dismissed.

### I.   Background

Plaintiff Mary Cooks retired from Defendant Walmart Stores Inc.'s employment in April 2000. (Doc. # 1 at ¶¶ 6-7). Plaintiff did not file an EEOC charge within 180 days of the end of her employment with Walmart. (Doc. # 1-1). Indeed, it was not until more than eleven years later, on July 9, 2011, that Plaintiff filed an EEOC charge. (Doc. # 1-1). In that charge, Plaintiff asserted that she was discriminated against in the area of her pay; she made no assertion about any other form of discriminatory treatment. (*Id.*). Ordinarily, such a belated charge would get Plaintiff as far as a one-legged mule. But Plaintiff claims this case involves unique wrinkles. First, she asserts her claims were tolled during the pendency of *Dukes v. Walmart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010), *rev'd on other grounds* 131 S.Ct. 2541 (2011). Second, Plaintiff contends she can

"piggyback" in relation to a charge filed in January 2000 by a Sam's Club employee in Texas, Stephanie Odle. Third, she argues that she is a former class member in the *Dukes* litigation and Judge Breyer's pronouncement that "[a]ll former class members who have never filed an EEOC charge have until January 27, 2012 to [do so]." After providing some background information about the *Dukes* lawsuit and the Odle charge, the court addresses each of these arguments below.

Stephanie Odle, an employee of Sam's Club in Lubbock, Texas, filed her initial EEOC Charge against Sam's Club on January 4, 2000. Odle filed an amended charge on April 3, 2000. The EEOC issued to Odle a Notice of Right to Sue on May 31, 2001.[1] On October 17, 2001, Odle filed her initial lawsuit, a *pro se* Complaint against Walmart in the United States District Court for the Northern District of Texas. On March 27, 2002, that case was dismissed without prejudice because it was never served on Defendant. (*Odle*, Case No. 5:01-CV-00296-C (N.D.Tex.), Doc. # 5). On October 28, 2011, after the Supreme Court issued its decision in *Dukes, et al., v. Walmart Stores, Inc.*, Odle filed another lawsuit against Walmart. *(Odle*, Case No. 3:11-CV-02954-O (N.D.Tex.), Doc. # 1).

The original Complaint in *Dukes* was filed *pro se* by Betty Dukes on June 8, 2001. (*See Dukes, et al., v. Walmart Stores, Inc.*, Case No. 3:01-CV-02252-CRB (N.D.Cal.), Doc. # 1). On October 20, 2010, the Ninth Circuit narrowed the class certified by Judge Charles R. Breyer to

---

[1] *Odle v. Walmart Stores, Inc.*, Case No. 3:11-CV-02954-O (N.D.Tex.), Docs. # 1, 1-2, 1-3, and 1-4. A district court may take judicial notice of court documents without converting a motion to dismiss into a motion for summary judgment. *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n. 9 (11th Cir.2013); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)). "[A]mple authority exists which recognizes that matters of public record, including court records in related or underlying cases which have a direct relation to the matters at issue, may be looked to when ruling on a 12(b)(6) motion to dismiss." *Crooked Creek Properties, Inc. v. Ensley*, 2009 WL 3644835, at *8 (M.D. Ala. 2009) (quoting *In re Am. Corp. Lincoln Sav. & Loan Sec. Litig*., 102 F.3d 1524, 1537 (9th Cir. 1996)); *see also Mangiafico. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); *United States v. Mercado*, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries.

exclude all putative class members who (like Plaintiff here) were not employed by Walmart at the time the *Dukes* case was filed. *Dukes v. Walmart Stores, Inc.*, 603 F.3d 571, 623 (9th Cir. 2010).

The class of former employees neither moved to stay the mandate, moved to certify a different class, nor appealed the denial of certification to the Supreme Court. *See Odle v. Walmart Stores Inc.*, 2012 WL 5292957 at * 10 (N.D. Tex. 2012) and *Dukes*, Case No. 3:01-cv-02252-CRB (N.D.Cal.).

## II.     Standard of Review

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Having said that, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a

sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. To survive a motion to dismiss, the allegations of the Complaint must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id*. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id*.

### III.    Analysis

Plaintiff's Complaint asserts a single claim under Title VII — disparate pay. (Doc. # 1 at 3-4).

#### 1.    Plaintiff Failed to Exhaust Administrative Prerequisites

In a non-deferral state, such as Alabama, a plaintiff may not assert a Title VII claim unless she first files a charge of discrimination with the EEOC within 180 days of the unlawful employment practice. *See* 42 U.S.C. § 2000e–5(e)(1); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). Failure to file a timely EEOC charge results in a bar of the claims contained in the untimely charge. *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000). Here, it is undisputed that Plaintiff did not herself file a timely charge within 180 days of her employment with Walmart. But that undisputed fact does not end the court's inquiry.

As the Supreme Court has held, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a prerequisite that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Plaintiff argues that her claim is not untimely because her charge filing period was tolled during the pendency of the class claims in *Dukes*. (Doc. # 16 at 1). Plaintiff argues

that, under *American Pipe & Construction Co. v. Utah*, "[t]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. 538, 554 (1974). (Doc. # 16 at 1-2).

But the issue here is not simply tolling. Plaintiff cannot rely on the mere pendency of the *Dukes* litigation to establish that her deadline to file her charge was tolled. Plaintiff left her employment with Walmart in April 2000. Thus, as a general rule, she was required to file a charge within 180 days — that is, at the latest, November 2000. The initial Complaint in *Dukes* was not filed until June 8, 2001, over a year after she left her employment with Walmart and over six months after her deadline to file an EEOC charge had already run. (*See Dukes*, Case No. 3:01-cv-02252-CRB (N.D.Cal.), Doc. # 1). Because Plaintiff's deadline to file a charge had already expired well before the *Dukes* case was filed, the filing of that class action did not magically revive her claim and it can not save her claim. The *Dukes* lawsuit is simply of no help to Plaintiff in meeting the requirement that she timely file an EEOC charge.

**2. Plaintiff Cannot Piggyback on Stephanie Odle's EEOC Charge**

Next, Plaintiff argues that she is entitled to rely on certain orders issued by Judge Breyer in the *Dukes* case and those allow her to (1) "piggyback" on Stephanie Odle's EEOC charge, and (2) establish that her 2011 EEOC charge and subsequent lawsuit are indeed timely filed. (Doc. # 16). To be sure, in *Dukes* Judge Breyer ordered that "putative members of the originally proposed class were entitled to coattail on Odle's charge ..." (*Dukes*, Case No. 3:01-cv-02252-CRB (N.D.Cal.), Doc. # 812 at 13). However, that does not mean that Plaintiff Cooks may do so. To be sure, whether

Plaintiff may piggyback on Odle's charge is determined by Eleventh Circuit case law, not in the vacuum of an order issued by Judge Breyer in the Northern District of California.

The Eleventh Circuit's piggybacking rule allows a putative plaintiff who has not filed an EEOC charge to rely upon the claim of a plaintiff who has filed a timely charge in limited certain circumstances.  *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1239 (11th Cir. 2004); *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1101 (11th Cir. 1996); *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450 (11th Cir. 1993).  In order to piggyback on another plaintiff's charge only, a plaintiff must establish that: "(1) the relied upon charge is not invalid, and (2) the individual claims of the filing and non-filing plaintiff arise out of similar discriminatory treatment in the same time frame."  *Grayson*, 79 F.3d at 1101-02 (quoting *Calloway*, 986 F.2d at 450).

Faithfully applying this standard, the court concludes that Plaintiff Cooks cannot piggyback on Odle's EEOC charge or the amendment to that charge.  Even putting aside the fact that Plaintiff worked in Alabama and Odle worked in Texas, the only claim Plaintiff asserts here is a pay discrimination claim.  Neither Odle's EEOC charge, nor any amendment thereto, raised any issue about disparate pay.  (*Odle*, Case No. 3:11-cv-02954-O (N.D.Tex.), Docs. # 1-2, 1-3, and 1-4).  Therefore, without question, the individual claims of the filing plaintiff (Odle) and non-filing plaintiff (Cooks) do not arise out of similar discriminatory treatment.  *See Grayson*, 79 F.3d at 1101-02.  It follows that Plaintiff may not piggyback on Odle's EEOC charge.

      **3.**      **Neither Judge Breyer's Ruling Nor *American Pipe* Tolling Save Plaintiff's Claim**

Plaintiff also argues that her own charge is timely because Judge Breyer pronounced that "[a]ll former class members who have never filed an EEOC charge have until January 27, 2012 to

file charges with the EEOC ... ." (*Dukes*, Case No. 3:01-cv-02252-CRB (N.D.Cal.), Doc. # 760 at 1). But that argument cuts no ice at all.

Admittedly, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974). However, *this* Plaintiff cannot benefit from tolling due to the pendency of the *Dukes* class action because her claims were already time barred before *Dukes* was even filed.

Interestingly, even if the court allowed Plaintiff the benefit of piggybacking on Odle's charge, Plaintiff's claim would still be untimely. *Odle*, 2012 WL 5292957 * 10 (N.D. Tex. 2012). Odle filed her Complaint, relying on the *Dukes* litigation for tolling purposes, on October 28, 2012.[2] Judge Reed O'Connor of the Northern District of Texas dismissed her individual claims as untimely. *Odle*, 2012 WL 5292957 at * 10. Judge O'Connor held that "[o]nce the Ninth Circuit rejected that class and issued its [m]andate [on April 26, 2010], it was clear that Odle and other former employees were no longer a part of that class action lawsuit. At that time, the putative class members had 'no reason to assume that their rights were being protected' because there was no longer any class of former employees on which they could rely." *Odle*, 2012 WL 5292957 at * 10 (quoting *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 520 (5th Cir. 2008)). The Ninth Circuit's mandate was issued on April 26, 2010, over two years before Odle filed her Complaint. "The class of former employees neither moved to stay the mandate, nor appealed this issue to the Supreme Court. Thus, once the mandate issued, it constituted a 'final adverse determination' as to Odle's claims and tolling ceased." *Odle*, 2012 WL 5292957 at * 10 (citing *Taylor*, 554 F.3d at 520). "At that point, Odle was

---

[2] This is the date Judge Breyer pronounced as the deadline for any former class members who had filed EEOC charges, to file suit. (Case No. 3:01-CV-02252-CRB (N.D.Cal.), Doc. # 760 at 1).

required to file a new lawsuit in order to protect her claims, and her failure to do so within the statute of limitations now bars her claims." *Odle*, 2012 WL 5292957 at * 10.  Therefore, Judge O'Connor determined that Odle's October 28, 2012 Complaint was due to be dismissed as untimely.  *Odle*, 2012 WL 5292957 at * 10.[3]

Judge O'Connor's analysis is persuasive, and the court concludes the same requirement applies to Plaintiff Cooks.  That is, to the extent she was relying upon the *Dukes* litigation for tolling purposes, she was required to file her own lawsuit within the statute of limitations to protect her claims.  Therefore, applying Judge O'Connor's analysis here, even had Plaintiff benefitted from tolling due to the pendency of *Dukes*, her own EEOC charge, filed July 9, 2011, was untimely.  It should have been filed within 180 days of the Ninth Circuit's April 26, 2010 decision, but was not.  (Doc. # 1-1).  Accordingly, even if the court were to give Plaintiff the benefit of piggybacking, her claim is still untimely because it was filed too long after the Ninth Circuit's decision in *Dukes* was issued as mandate.

### IV.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss.  (Doc. # 7) is due to be granted.  A separate order will be entered.

**DONE** and **ORDERED** this ___23rd___ day of September, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[3] Judge O'Connor's decision dismissing Odle's claims is presently on appeal.  (Case No. 3:11-CV-02954-O (N.D.Tex.), Docs. # 45 and 46).